1

2

3

4

5

6

7

8            UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DAROLD COURTNEY JARVIS,              No.  2:20-cv-00480 KJM GGH P

12              Petitioner,

13        v.                              ORDER

14   MARCUS POLLARD,[1]

15              Respondent.

16

17

18        Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus

19   pursuant to 28 U.S.C. § 2254. The matter was referred to the United States Magistrate Judge

20   pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(c).

21        In a nutshell, the petition in this case alleges violations of due process and equal

22   protection stemming from the redundant application of sentencing enhancements now prohibited

23   by state law (and possibly at the time of his negotiated plea agreement and sentencing as well).

24   There is also possibly a subsidiary due process issue that precludes a waiver, at time of pleading

25   _____

26        [1] The court grants respondent's request to substitute Marcus Pollard, the current warden of
     R.J. Donovan Correctional Facility, as respondent in this matter.  See Stanley v. California
27   Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) ("A petitioner for habeas corpus relief must
     name the state officer having custody of him or her as the respondent to the petition."); Rule 2(a),
28   28 U.S.C. foll. § 2254).

1

guilty and sentencing, of subsequently enacted statutory or case law that applies to reduce the term of the agreed upon sentence.

Respondent has filed a motion to dismiss urging that the merits of the petition need not be considered because the petition was filed well after the expiration of the statute of limitations set forth in 28 U.S.C. § 2244(d).  Petitioner has opposed on the grounds that upon first arriving at prison, he was barred from entering the law library for seemingly, approximately half a year—to July or August of 2015.  He also claims that the pertinent state case law decisions which advised him of his issues were not "posted" in the law library until 2019.

However, petitioner's wording in the petition and opposition to dismiss on certain, important terms/facts is vague and somewhat confusing.  Accordingly, the undersigned will direct petitioner to file a response to this order addressing the following:

1. Petitioner shall give the dates as specifically as possible, that he was categorically barred from using the law library at whatever institution in which he was housed, i.e., not permitted to use the law library *at all* because of his inmate status, and the reason for being categorically barred.  Petitioner shall also list the dates at which he was housed in a prison institution, the dates of any pertinent status within the institution, e.g., orientation, general population, and the reason why he was barred from using, or petitioning to use, the law library.

2. Petitioner shall clarify the meaning of his use of "posted," as referred to the institution's "posting"  of the case law referenced in his petition.[2] Does petitioner mean, in the conventional use of that term, that some special measure was undertaken to alert prisoners to the two cases referenced, or does petitioner mean that the case law was simply not available in the law library in *any* format, e.g., law books (including case law compilations), computer aided research, publications and the like, until its "posting."  If the latter, petitioner shall state the basis of his knowledge that the case law referenced was not available in *any* format.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner shall file a response, addressing each of the matters listed above, within twenty days (20) from the filing date of this order; and

---

[2] People v. Le, 61 Cal. 4th 416 (2015); People v. Rodriquez, 47 Cal. 4th 501 (2009).

2.  The Clerk of the Court is directed to substitute petitioner's present custodian, Marcus Pollard, as the respondent in this case.

Dated: July 1, 2020

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE