UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAROLD COURTNEY JARVIS, | No. 2:20-cv-00480 KJM GGH P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| MARCUS POLLARD, | |
| Respondent. | |

*Introduction and Summary*

Petitioner, a state prisoner proceeding pro se, has filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 19. The matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(c).

The pending habeas petition alleges violations of due process and equal protection stemming from the redundant application of sentencing enhancements now prohibited by state law (and seemingly at the time of his negotiated plea agreement and sentencing as well). Petitioner relies on People v. Rodriguez, 47 Cal.4th 501 (2009),[1] as later expanded in People v. Le, 61 Cal.4th 416 (2015). There is also possibly a subsidiary issue that precludes a waiver, at

---

[1] Petitioner uses the spelling of defendant's name as "Rodriquez," the correct spelling is "Rodriguez" and the court will utilize the correct spelling in its order.

1

time of pleading guilty and sentencing, of subsequently enacted statutory or case law that applies to reduce the term of the agreed upon sentence.

Respondent has filed a motion to dismiss urging that the merits of the petition need not be considered because the petition was filed well after the expiration of the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA") statute of limitations. ECF No. 9. Petitioner has opposed the motion to dismiss on the grounds that upon first arriving at prison, he was barred from entering the law library for seemingly, approximately three months, to May or June of 2015. ECF No. 12. He also claims that the pertinent state case law decisions which advised him of his issues were not "posted" in the law library until 2019, and that in any event, the state supreme court decisions on which he relies were not available in the law library. Id.

The court ordered petitioner to supply supplemental briefing as to the precise dates he was "barred" from law library access and why, as well as to define what he meant by "posted" case law decisions. ECF No. 14. Petitioner submitted the requested briefing. ECF No. 17.

For the reasons stated herein, the undersigned does not find that petitioner has set forth a "good faith allegation" which would entitle him to an evidentiary hearing on equitable tolling, and respondent's motion to dismiss should accordingly be granted. In the alternative, the undersigned will utilize his discretion under Rule 4 of the Rules Governing habeas Corpus Cases Under Section 2254 and recommend that the petition be summarily denied on its merits for failure to assert a cognizable federal claim. As currently presented, only a state sentencing law violation is alleged in petitioner's habeas petition. Finally, in the alternative, the undersigned will exercise his discretion to *sua sponte* recommend dismissal without prejudice because of the complete lack of exhaustion of any federal issue with the California Supreme Court.

*Background Facts*

> On September 29, 2014, in the Superior Court of California, County of San Joaquin, case number CR-2012-8498, Petitioner pled guilty to Cal. Penal Code§ 246 (designated as Count 10, for shooting at an occupied motor vehicle) and Cal. Penal Code§ 30605(a) (designated as Count 13, for possession of assault weapon). He further admitted to two enhancements to Count 10, including Cal. Penal Code § 186.22(b)(l) (for participation in criminal street gang) and Cal. Penal Code§ 12022.5 (for use of firearm in commission of a felony). In light of the plea and in the

> interest of justice, the People dropped numerous other charges including murder and attempted murder. Additionally, at the guilty plea hearing, the parties stipulated to waive any sentencing irregularities as to the enhancement under Cal. Penal Code § I86.22(b)(I). As per defense counsel, "We just wanted to make sure the stipulation is clear, that we're stipulating to the 186.22 as well as the 12022.S(b) attached to the 246." Plea, 9/29/14, at 8:25-28.

ECF No. 10-2 at 1 (San Joaquin Superior Court Order).

On January 12, 2015, petitioner was sentenced, and judgment entered. ECF No. 10-1. He was to serve a determinate total sentence of 20 years for shooting at an occupied vehicle and possession of an assault weapon. Id. His sentence, which otherwise would have been less than 20 years for the counts of conviction *per se* (5 years), was enhanced for participation in a criminal street gang (5 years) and use of a firearm in commission of a felony (10 years). These are the enhancements at issue in the petition.

No appeal was taken, and petitioner's sentence became final 60 days thereafter on March 13, 2015. See Cal. Rule of Court 8.308; Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006). The statute of limitations period commenced the following day. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

No state habeas petition was filed until March 6, 2019. In this case, the state petitions for habeas corpus filed throughout 2019, are not pertinent to statutory tolling as they were all filed long after the AEDPA limitations period had expired. Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). Absent statutory or equitable tolling, the petition was due to be filed by March 13, 2016. The pending federal petition was filed on January 22, 2020. Petitioner essentially concedes the AEDPA limitations statute bars his claims unless he is given sufficient equitable tolling.[2]

---

[2] The Superior Court petition was denied on the merits on April 2, 2019. ECF No. 10-2. The California Court of Appeal followed suit on May 9, 2019 with its silent denial, presumably adopting the reasoning of the Superior Court. However, the two petitions filed in the California Supreme Court thereafter was denied on timeliness grounds—December 18, 2019—and there was no alternative ruling on the merits. ECF No.10-6, 10-8 (the latter also being denied on the basis that it was successive). Thus, the reasoning of the highest court for denial of the petition on procedural grounds is what would govern in the event the merits were to be reached. However, this is not of much relevance here in that statutory tolling cannot apply given the nearly four-year delay in filing the first state habeas petition. Even if the initial 90 days spent in the prison Reception Center without any access to a law library could be the basis for 90 days of equitable tolling, no state habeas petitions were filed within a year thereafter.

Because statutory tolling does not apply here (see footnote 2), petitioner must have equitable tolling one year before he filed the federal petition, i.e., January 22, 2019.

*Discussion*

    1.   Statute of Limitations—Equitable Tolling

In a case possessing nearly identical issues as those posed by this petition, Estrada v. Sherman, No. 2:17-cv-1471 TLN KJN P, 2018 WL 1256764, at *2 (E.D. Cal. Mar. 12, 2018), Magistrate Judge Newman set forth the following standard for equitable tolling:

> A habeas petitioner is entitled to equitable tolling of the one-year statute of limitations only if he shows: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstances stood in his way and prevented timely filing. See Holland v. Florida, 560 U.S. 631, 649 (2010). The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." See Holland v. Florida, 560 U.S. at 653; see also Bills v. Clark, 628 F.3d 1092, 1096 (9th Cir. 2010). As to the extraordinary circumstances required, the Ninth Circuit has held that the circumstances alleged must make it impossible to file a petition on time, and that the extraordinary circumstances must be the cause of the petitioner's untimeliness. See Bills v. Clark, 628 F.3d at 1097, citing Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003).

Petitioner asserts he was categorically denied permission to use the law library until more than half-way through 2015 because of the prison Reception Center policy. In the petition, the date of entry to the Reception Center is February 2, 2015. ECF No. 1 at 5. In his supplemental briefing, petitioner simply asserts that he entered the state prison Reception Center sometime in 2015 but for only 90 days. ECF No. 17 at 1. Accordingly, the undersigned would recommend equitable tolling for this 90-day period. Thereafter, petitioner asserts for the remainder of 2015 to 2019 he had access to the law library for one hour every week, when lockdowns were not in effect. Petitioner does not assert that there were any lockdown periods which would have substantially affected law library access. Thus, after the initial 90-day period in the reception center, petitioner had the potential for up to 52 annualized law library visits per year starting in the latter part of 2015 to 2019—approximating over 150 potential law library visits. Even if this figure were in actuality much lower, say 50 potential visits spread out over the course of three

////

4

1  years (2016, 2017, 2018), the undersigned knows of no authority that holds such opportunity
2  insufficient and subjects all time periods to equitable tolling.
3       Moreover, petitioner's assertion that until 2019, he had no knowledge of the case People
4  v. Rodriguez, 47 Cal.4th 501 (2009) (holding that California law precluded a redundant
5  sentencing 10-year firearm use enhancement pursuant to Cal. Penal Code 12022.5(a), and Cal.
6  Penal Code 186.22 (b)(1)(C) a 10-year enhancement for use of a firearm to benefit a criminal
7  street gang qualifying as a violent felony)—is inaccurate at best, and disingenuous at worst. The
8  case was decided nearly six years *before* petitioner's sentence. It was surely known to his attorney
9  who quite obviously avoided the case holding when stipulating to a 5-year enhancement pursuant
10 to Cal. Penal Code 186.22 (b)(1)(B).  Such knowledge would be imputed to petitioner.
11      People v. Le, 61 Cal.4th 416 (2015), making the "logical extension" of Rodriguez to Cal.
12 Penal Code 186.22 (b)(1)(B) 5-year enhancement, Le at 429, was decided a few months after
13 petitioner's sentence, however, its predecessor California appellate court opinion, People v. Le,
14 140 Cal. Rptr. 3d 748 (2012) had also come to the same conclusion. A reasonable defense
15 attorney would have been aware of the appellate decision, or at least have been tasked with
16 constructive knowledge of it, and that the fact its review was pending in the California Supreme
17 Court at the time of petitioner's sentencing.  In all probability, the uncertainty in the final
18 outcome of the People v. Le case in the state supreme court is why the defense waived any
19 "sentencing irregularities," in fashioning a total 20-year sentence, including use of the two
20 enhancements to reach the total 20 years.
21      As Estrada found in almost identical circumstances, extraordinary circumstances were not
22 present and equitable tolling was denied. However, petitioner adds an assertion that he (and no
23 inmate whatsoever) was aware of the Le or Rodriguez cases as the law libraries in the prisons
24 petitioner was incarcerated in were so deficient that case law nearly four years old from issuance
25 (even a decade old in the case of Rodriguez) could not be found anywhere, in any form in the law
26 libraries. Whether petitioner is entitled to an evidentiary hearing to test this improbable assertion
27 depends on a comparison of Roy v. Lampert, 465 F.3d 964 (9th Cir. 2006) and Orthel v Yates,
28 795 F.3d 935, 940 (9th Cir. 2015):

5

> Orthel contends that two other decisions from our court establish a rule that a petitioner is entitled as a matter of law to an evidentiary hearing upon making a prima facie showing that would, if true, entitle him to equitable tolling. *See Roy v. Lampert,* 465 F.3d 964 (9th Cir. 2006); *Laws v. Lamarque,* 351 F.3d 919 (9th Cir. 2003). [footnote 4 omitted]. Not so. *Laws* and *Roy* provide a more nuanced rule that further factual development may be required when a petitioner makes a good-faith allegation that tolling is warranted, depending on the sufficiency of the record that was before the district court. The two cases contain seemingly broad mandatory language, but their holdings and reasoning are fact-bound.
>
> Accordingly, we stated in *Roy* that a "habeas petitioner like Roy ... should receive an evidentiary hearing when he makes 'a good-faith *allegation that would, if true,* entitle him to equitable tolling,' " 465 F.3d at 969 (quoting *Laws*, 351 F.3d at 919), but justified the disposition based on the record's conflicting affidavits, *id.* at 975. Similarly, in *Laws* we granted remand for further factual development "because Laws has made a good-faith allegation that would, if true, entitle him to equitable tolling," but narrowly justified the decision on the basis that the "record in this case is patently inadequate ... to allow us or any other court to evaluate the strength of *Laws's* claim." 351 F.3d at 921, 924. In both cases, the operative language discusses a particular petitioner (rather than stating broad rules applying to all courts and all petitioners) and then elaborates the fact-specific rationale for the disposition.

Orthel v. Yates, 795 F.3d 935, 940.

Here, petitioner's sum total allegation, *after being specifically directed in the court's previous order to set forth a basis for the allegation that the below two cases were not available in the law library(s) in any format*, is:

> Before People v. Le, supra and People v. Rodriguez, supra, [were posted in the Centinela Prison law library in 2019] no inmates was (sic) aware of People v. Le, supra, and People v. Rodriguez, supra, from not being available on the Law Library Computer, up to date Daily Appellate Review or any of the up to date library legal books[.]

ECF No. 17 at 2.

Although the stark unavailability of up-to-date, basic legal resources in the Centinela State Prison law library(s) during 2018-2019 might well give rise to equitable tolling, if true, petitioner does not in any way inform how he acquired this knowledge. On the contrary, the statement is a conclusion without providing foundation. Petitioner does

6

1  not indicate that he ever continuously browsed the decisions for recent updates himself.
2  He does not relate that the law librarian(s) admitted this "fact" of no recent case updates to
3  him. Petitioner alludes, but does not state, that the "unavailability" of California Supreme
4  Court recent case decisions was also a phenomenon at Calipatria State Prison (2015 and
5  2016), Folsom State Prison (2017)—the prisons at which petitioner was incarcerated
6  before Centinela.  The undersigned cannot find that the unsupported, problematic
7  conclusion is a "good faith allegation" entitling him to an evidentiary hearing, especially
8  after petitioner was advised through a previous court order to set forth a basis for the
9  allegation.
10      Finally, to the extent petitioner argues that he was excused from a timely filing
11 because a case law decision was not "posted" in the law library, the argument cannot
12 constitute a basis for equitable tolling.  One can just imagine if there were a duty to post
13 every case law decision with any relevance to any prisoner, on pain of nullifying the
14 AEDPA statute of limitations if such were not performed, the walls of the law library
15 would be a visual cacophony of various aspects of criminal law.  The non-posting of case
16 law decisions cannot stand as a basis of extraordinary circumstances for equitable tolling
17 purposes.
18      As set forth earlier, the federal petition was filed nearly 4 years after the finality of
19 his conviction for which no statutory tolling is available. As for equitable tolling, the court
20 finds only a 90-day time period in 2015 should be tolled as set forth above.  Accordingly,
21 the petition should be dismissed as barred by the AEDPA statute of limitations.
22      2.  No Federal Claim Stated
23      As set forth above, and repeated here: People v. Rodriguez, 47 Cal.4th 501, held
24 that California law precluded a redundant 10-year firearm use enhancement pursuant to
25 Cal. Penal Code 12022.5 (a), and also a 10-year enhancement pursuant to Cal. Penal Code
26 186.22 (b)(1)(C) ( enhancement for use of a firearm to benefit a criminal street gang
27 qualifying as a "violent" felony). People v. Le, 61 Cal.4th 416, 429, applied the "logical
28 extension" of Rodriguez to Cal. Penal Code 186.22 (b)(1)(B)—5-year lesser gang

associated enhancement felony qualifying as a "serious" felony. That is, only one of the firearm enhancements could be applied when the underlying felony encompassed use of a firearm and the gang enhancement was based on firearm usage as well. Petitioner argues that despite his plea agreement and waivers, California law requires his stipulated to, enhanced sentence be modified to comport with present California law, i.e., only one firearm enhancement is available.

Petitioner does not assert in the federal petition that the dual enhancements violated his federal double jeopardy protections—there is no such claim stated. He simply argues, contrary to the decision of the state superior court, that state law requires the modification of his sentence to eliminate the dual enhancements despite his stipulated to sentence and waiver of sentencing errors. He adds the tag line in this federal petition that refusal to do so would violate his due process and equal protection rights. There is no discussion of federal law which might require state courts to upend the plea agreement, and there are no federal cases cited for the tag line. (As seen in the next section, even that tag line was omitted in his state court habeas petitions.).

Petitioner is simply attacking a "wrong" legal decision by the state court applying state law. Petitioner may not transform a state-law issue into a federal one merely by inferring that the state law error constituted a violation of his federal right to due process of law or equal protection. Langford v. Day, 110 F. 3d 1380, 1389 (9th Cir. 1996).

A writ of habeas corpus is available under 28 U.S.C. § 2254(a) only on the basis of some transgression of federal law binding on the state courts. Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985); Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983). It is unavailable for alleged error in the interpretation or application of state law. Middleton v. Cupp, 768 F.2d at 1085; see also Lincoln v. Sunn, 807 F.2d 805, 814 (9th Cir. 1987); Givens v. Housewright, 786 F.2d 1378, 1381 (9th Cir. 1986). Habeas corpus cannot be utilized to try state issues de novo. Milton v. Wainwright, 407 U.S. 371, 377, 92 S. Ct. 2174, 2178 (1972).

/////

The Supreme Court has identified the standards of review for a federal habeas court. Estelle v. McGuire, 502 U.S. 62 (1991). The Court held that "it is not the province of a federal habeas court to reexamine state court determinations on state law questions." Id. at 67–68. The Court emphasized that "federal habeas corpus relief does not lie for error in state law." Id. at 67, citing Lewis v. Jeffers, 497 U.S. 764, 780 (1990), and Pulley v. Harris, 465 U.S. 37, 41 (1984).  As more recently re-emphasized by the Supreme Court, " 'a mere error of state law...is not a denial of due process.' " Rivera v. Illinois, 556 U.S. 148, 158 (2009) (quoting Engle v. Isaac, 456 107, 121 n. 21 (1982)).

The Estelle Court further noted that the standard of review for a federal habeas court "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States (citations omitted)," id. at 68, and further stated that in order for error in the state trial proceedings to reach the level of a due process violation, the error had to be one involving "fundamental fairness," which it has applied only to very narrow category of infractions. Id. at 73. To state a cognizable federal habeas claim based on an alleged error in state sentencing, a petitioner must show that the error was "so arbitrary or capricious as to constitute an independent due process" violation. Richmond v. Lewis, 506 U.S. 40, 50 (1992).

Applying these principles in federal habeas proceedings, the Ninth Circuit Court of Appeals has specifically refused to consider alleged errors in the application of state sentencing law. See e.g., Miller v. Vasquez, 868 F.2d 1116 (9th Cir. 1989). In Miller, the court refused to examine the state court's determination that a defendant's prior conviction was for a "serious felony" within the meaning of the state statutes governing sentence enhancements. Id. at 1118–19. The court did not reach the merits of the petitioner's claim, stating that federal habeas relief is not available for alleged errors in interpreting and applying state law.

Petitioner cannot reasonably assert that a decision not to apply People v. Le retroactively to his situation is an egregious violation of fundamental fairness. Serious murder and attempted murder charges carrying an indefinite life sentence were dropped in

return for a stipulated sentence of 20 years.  Petitioner had to know exactly what he was getting out of the bargain, and what his agreement was.  The mere logistical piecing together lesser charges and enhancements to reach the 20-year agreement is of little materiality.

Moreover, assuming petitioner were ever to state a double jeopardy claim, as set forth in Estrada, supra, No. 2:17-cv-1471 TLN KJN P, 2018 WL 1256764, at *4 n.3,[3] citing Supreme Court authority, the cumulative enhancements are not generally grist for a double jeopardy mill if state law permits such cumulation.  Here, the state law to be considered is not simply a retroactive application of People v. Le, but that state law which allows one to stipulate away errors which might otherwise be of consequence—a state law exception to the general rule. Compare e.g., Doe v. Harris, 57 Cal.4th 64 (2013) (stating the general rule that plea agreements are deemed to incorporate changes in state law if the plea agreements are silent with respect to such changes, with the case cited and quoted by the Superior Court, People v. Hester, 22 Cal.4th 290, 295 (2000) (holding that the parties

---

[3]

> "Sentence enhancements do not 'punish' a defendant within the meaning of double jeopardy. See United States v. Watts, 519 U.S. 148, 154 (1997) ("[S]entencing enhancements do not punish a defendant for crimes of which he was not convicted, but rather increase his sentence because of the manner in which he committed the crime of conviction.") (citing Witte v. United States, 515 U.S. 389, 402–03 (1995) )." Swanson, 2017 WL 54951015 at *7. "Even where the offense is the same, the guarantee against double jeopardy does not preclude cumulative punishments in a single prosecution. See Missouri v. Hunter, 459 U.S. 359, 366–67." Id. "So long as the state legislature intended to impose multiple punishments, double jeopardy principles do not apply. Hunter, 459 U.S. at 368–69 (holding that sentence enhancements that increase the penalty for a crime based on the offender's conduct do not violate double jeopardy principles where cumulative punishment has been authorized under two statutes, "regardless of whether those two statutes proscribe the 'same' conduct under Blockburger"); Plascencia v. Alameida, 467 F.3d 1190, 1204 (9th Cir. 2006) (citing Hunter, 459 U.S. at 368–69, 103 S.Ct. 673) ("When the legislature intends to impose multiple punishments, double jeopardy is not invoked."). Id.

Estrada, supra, No. 2:17-cv-1471 TLN KJN P, 2018 WL 1256764, at *4 n.3

to a plea agreement may specify a punishment not otherwise contemplated by statute).[4] It is easy to see that any further review of petitioner's situation would further mire the court into deciding asserted errors in application of state law.

For the above stated reasons, the undersigned recommends that the petition be dismissed for failing to assert a cognizable federal claim.

### 3. No Federal Claim Has Been Exhausted[5]

Even if the undersigned were found to be incorrect on the above first two reasons for dismissal, it is without a doubt that petitioner has not exhausted a federal claim, whatever that claim might be. The state habeas petitions before the state supreme court (ECF Nos. 10-5 and 10-7) do not set forth any substantive reference to federal law or the Constitution; indeed, the only two federal cases cited have to do with timeliness of petitions. See ECF No. 10-5 at 11; ECF No. 10-7 at 12.

---

[4]

> The rule that defendants may challenge an unauthorized sentence on appeal even if they failed to object below is itself subject to an exception: Where the defendants have pleaded guilty in return for a specified sentence, appellate courts will not find error even though the trial court acted in excess of jurisdiction in reaching that figure, so long as the trial court did not lack fundamental jurisdiction. The rationale behind this policy is that defendants who have received the benefit of their bargain should not be allowed to trifle with the courts by attempting to better the bargain through the appellate process. [citations omitted]. While failure to object is not an implicit waiver of section 654 rights, acceptance of the plea bargain here was. "'When a defendant maintains that the trial court's sentence violates rules which would have required the imposition of a more lenient sentence, yet the defendant avoided a potentially harsher sentence by entering into the plea bargain, it may be implied that the defendant waived any rights under such rules by choosing to accept the plea bargain.'" (*People v. Couch*, supra, 48 Cal.App.4th at p. 1057, 56 Cal.Rptr.2d 220.) Rule 412(b) and section 654 are, therefore, not in conflict. In adopting the rule, the Judicial Council merely codified one of the applications of the case law rule that defendants are estopped from complaining of sentences to which they agreed.

People v. Hester, supra, 22 Cal.4th 290, 295.

[5] The undersigned may take up the matter of lack of exhaustion *sua sponte*. Day v. McDonough, 547 U.S. 198, 205-206 (2006). Petitioner may respond to the undersigned's findings on objections before the district judge.

11

> In *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the " 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court. Accord, *Anderson v. Harless,* 459 U.S. 4, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982).
>
> *Picard* and *Harless* control the outcome in this case. Respondent did not apprise the state court of his claim that the evidentiary ruling of which he complained was not only a violation of state law, but denied him the due process of law guaranteed by the Fourteenth Amendment.

Duncan v. Henry, 513 U.S. 364, 365-366 (1995).

Petitioner here did not contest the use of dual firearm enhancements in his state habeas petitions before the California Supreme Court based on *any* aspect of federal law. The entire petition is clearly unexhausted and should be dismissed without prejudice.

However, the undersigned must consider whether a stay pursuant to Rhines v. Weber, 544 U.S. 269 (2005), would be appropriate. Mena v. Long, 813 F.3d 907 (9th Cir. 2016). A stay would not be appropriate here.

First, any new petition before the state supreme court would most likely meet the fate of petitioner's second state habeas before the California Supreme Court, i.e., it would again be found to be untimely and successive. The mere fact that petitioner "forgot" to exhaust a federal claim is not at all likely to succeed with a court which has already found petitioner to have filed successive claims. On returning to this federal court, it would be most likely that such a procedural default would be honored. Thus, it is unlikely that the merits of any federal claim would ever be reached and sending this case back to the state courts would be futile. Moreover, for the reasons set forth in the previous section, it is doubtful that petitioner could state a meritorious *federal* claim on the merits. Petitioner's assertions are simply state law issues.

Rhines requires, as one of its factors in granting a stay, that petitioner be able to state a colorable claim.  Rhines, supra, 544 U.S. at 277. The undersigned does not think that possible here.

*Conclusion*

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  For the reasons set forth in these findings and recommendations, a substantial showing of the denial of a constitutional right has not been made in this case.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's Motion to Dismiss (ECF No. 9) should be GRANTED;

2. The Petition (ECF No. 1) should be DISMISSED with prejudice because it is barred by the AEDPA statute of limitations. In combination with that ground for dismissal, or in the alternative, the Petition (ECF No. 1) should be DISMISSED with prejudice because it fails to state a cognizable federal claim.  Finally, in the second alternative, the Petition (ECF No. 1) should be DISMISSED without prejudice because any federal claim found within the federal petition is unexhausted, and a Rhines stay is inappropriate; and

3. The District Court decline to issue a certificate of appealability.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

////
////
////
////
////
////

"Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  September 28, 2020

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE